IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KENNETH A. THOMAS | § | |
| VS. | § | CIVIL ACTION NO.  9:23-CV-68 |
| SERGIO J. PEREZ, JR., ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kenneth A. Thomas, an inmate confined at the Duncan Unit of the Texas
Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil
rights action pursuant to 42 U.S.C. § 1983 against Sergio J. Perez, Jr., Heather M. Glover, Bryan
Collier, and Bobby Lumpkin.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for
findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5)
for insufficient service of process.  (Doc. #12 and doc. #17.)  Plaintiff filed a Response (doc. #18),
and the Motions to Dismiss are now ripe for review.

Discussion

Defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5),
which provides that a lawsuit or claim may be dismissed if the defendants have not been properly
served with process.  As the serving party, Plaintiff bears the burden of demonstrating the validity
of service. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).  Plaintiff's *pro se* status does not

excuse him from the requirement to effect service in accordance with the applicable rules. *Sys. Signs Supplies v. United States Dep't Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Plaintiff submitted returns of service indicating that his mother attempted to serve Defendants by certified mail. Federal Rule of Civil Procedure 4(e) states that individuals may be served either: (1) pursuant to the laws of the state in which the court is located or (2) by delivering a summons and a copy of the complaint to the individual personally, by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized by appointment or by law to receive service of process. Service by certified mail is permitted under the laws of the State of Texas. *See* TEX. R. CIV. P. 106(a)(2). When service is made by certified mail, the return of service must contain the addressee's signature. TEX. R. CIV. P. 107(c). The Texas Rules of Civil Procedure provide that process may be served by: (1) a sheriff, constable or other person authorized by law, (2) a person authorized by law or written order of the court who is at least eighteen years old, or (3) a person certified under order of the Texas Supreme Court. TEX. R. CIV. P. 103. A person who is a party or interested in the outcome of the suit may not serve process. *Id.*

In this case, service was insufficient because the returns of service do not contain the signatures of the defendants. Federal Rule of Civil Procedure 4(m) allows the plaintiff ninety days to serve the defendants after the complaint is filed. If the plaintiff fails to serve the defendants within that time, dismissal is appropriate unless the plaintiff shows good cause for the failure. FED. R. CIV. P. 4(m). More than ninety days have passed since Plaintiff was provided with summons to serve the defendants, but Defendants have not been served properly. Therefore, dismissal is warranted unless Plaintiff shows good cause for his failure to serve the defendants.

Plaintiff bears the burden of proving good cause for failing to serve the defendants within the time frame set out in Rule 4. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). To prove good cause, Plaintiff must show excusable neglect for failing to serve the defendants. In addition, to receive an extension of time to serve the defendants, Plaintiff must show good faith and a reasonable basis for noncompliance with the time set forth in the rule. *Id.*

Because Plaintiff is a prisoner, the court was required to pre-screen the complaint before issuing summons to him. *See* 28 U.S.C. § 1915A(a). Following completion of the screening process, Plaintiff was issued summonses on April 25, 2023. Plaintiff did not neglect his responsibility to serve the defendants. To the contrary, Plaintiff attempted to serve the defendants by mail on June 1, 2023, although his attempt was unsuccessful. In light of Plaintiff's attempt to effect service, the Motions to Dismiss should be denied, and Plaintiff should be granted an extension of time to serve the defendants.

## Recommendation

Defendants' Motions to Dismiss should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE